J-S25015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM LENARD SWAN | : | |
| | : | |
| Appellant | : | No. 1649 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004687-2017

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 09, 2019**

Appellant, Adam Lenard Swan, appeals from the judgment of sentence entered on April 27, 2018 in the Court of Common Pleas of York County. His counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] In the brief, Appellant contends that the guilty verdicts on aggravated assault and possession charges were against the weight of the evidence and

_____

[1] Upon review of counsel's original ***Anders*** brief, we determined the brief did not comply with the substantive mandates of ***Santiago***. Consequently, we remanded for filing of a compliant brief. Counsel filed a revised brief in accordance with our remand order and represented that he provided a copy the brief and petition to withdraw to Appellant along with a letter dated October 7, 2019 advising Appellant of his current filings. We offered the Commonwealth the opportunity to respond to the amended ***Anders*** brief. By letter of October 16, 2019, the Commonwealth indicated there were no issues raised in the amended ***Anders*** brief warranting a response.

that the trial court erred by denying his motion to suppress.[2]  His counsel concurrently filed a petition for leave to withdraw.  Following review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We begin by discussing counsel's request to withdraw, a task we must undertake regardless of the facts and prior to any discussion of the merits of any issues on appeal.  *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).  As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Santiago* did not change the procedural requirements for requesting withdrawal from representation.  As outlined in *Cartrette*:

> Counsel must:  1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

---

[2] In Appellant's post-sentence motion, appointed trial counsel Jennifer M. Smith raised the weight of the evidence issue as well as an issue regarding calculation of Appellant's sentence.  The trial court denied the motion by order entered September 4, 2018, one week after the trial court entered an order withdrawing the appointment of Attorney Smith and simultaneously appointing current counsel William H. Graff, Jr.  On October 22, 2018, Attorney Graff filed a Rule 1925(b) statement raising the weight and suppression issues presented in his *Anders* brief.

We conclude counsel has satisfied the procedural requirements set forth in *Anders*. In his petition to withdraw, counsel explains his conclusion, based on a "conscientious examination of the entire record, including all notes of testimony, that an appeal of the lower court's Order would be frivolous." Petition to Withdraw, 10/7/19, at ¶ 9. In addition, counsel represented that he furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration. *Id.* at ¶ 11.[3]

Having concluded counsel satisfied the procedural requirements of *Anders*, we next ascertain whether the brief satisfied the substantive mandates prescribed in *Santiago*. In *Santiago*, our Supreme Court announced:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports

---

[3] Appellant filed a *pro se* brief with this Court after counsel filed his original brief and petition to withdraw. In that brief, Appellant asserted trial court error regarding the motion to suppress and a miscarriage of justice with respect to allegedly false testimony of two police officers. Appellant's *Pro Se* Brief at 28-30. In our remand order, we authorized Appellant to supplement his *pro se* brief within 30 days of counsel's revised filing. By letter received on November 8 and docketed on November 12, 2019, Appellant represented to this Court that he did not receive certain documents, including our September 19, 2019 memorandum and counsel's revised *Anders* brief. He suggested counsel did not have his best interests in mind and requested that the appeal be decided on the argument presented in his *pro se* brief. As reflected below, we have considered the argument presented in that filing.

the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel included a summary of the procedural history. *Anders* Brief at 7-8. While counsel did not set forth the relevant facts in the "factual history" segment of the brief, we acknowledge he did incorporate facts, with citations to the record, in the argument section of the brief. *Id.* at 10-13. Counsel has generally satisfied the first requirement.

The second required element of an *Anders* brief is to reference anything in the record that counsel believes arguably supports the appeal. In his brief, counsel raises two issues in two questions presented, *i.e.*, 1) whether the verdicts of aggravated assault and possession with intent to deliver ("PWID") were against the weight of the evidence, and 2) whether the trial court erred in denying Appellant's pre-trial motion to suppress. *Anders* Brief at 6. Counsel provides citations to the record, highlighting the testimony that could support Appellant's challenge to the verdicts and his challenges to the court's denial of his motion to suppress. *Id.* at 10-17. We conclude counsel has satisfied the second *Anders* requirement.

The third element of *Anders* requires counsel to set forth the conclusion that the appeal is frivolous. Counsel offers that conclusion with respect to each of the two issues presented. The fourth element requires counsel to

- 4 -

state his reasons for concluding that the appeal is frivolous. In his argument, counsel has done so, with citations to case law, with respect to each of the two issues presented. Therefore, counsel has satisfied the substantive requirements of *Anders*.

Having determined the procedural and substantive requirements of *Anders* are satisfied, we must conduct our own independent review of the record to determine if the issues identified in this appeal are, as counsel asserts, frivolous, or if there are any other meritorious issues present in this case. *Santiago*, 978 A.2d at 354 (quoting *Anders*, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

As noted above, in the *Anders* brief, Appellant first argues the verdicts of guilty of aggravated assault and PWID were against the weight of the evidence. As the trial court recognized, "A challenge to the weight of the evidence is directed to the discretion of the trial judge, who heard the same evidence and who possesses only narrow authority to upset a jury verdict." Rule 1925(a) Opinion, 11/27/18, at 2 (quoting *Commonwealth v. Sanchez*, 36 A.3d 24, 27 (Pa. 2011)). Further, "[r]elief on a weight of the evidence claim is reserved for 'extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award

- 5 -

of a new trial is imperative so that right may be given another opportunity to prevail." *Id.*

As our Supreme Court has instructed:

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (emphasis in original)).

The trial court concluded that the evidence supported the jury's guilty verdict for aggravated assault. The court noted testimony revealing that Appellant attempted to cause bodily injury to an officer who was attempting to place Appellant in custody for possession of marijuana. According to the officer, Appellant grabbed the officer's taser and attempted to deploy it in the direction of the officer's head. The evidence also reflected that Appellant possessed drugs, bags, cash and a cell phone when he was arrested. In addition, an expert testified that the amount of cocaine in Appellant's

possession supports a finding that Appellant possessed it with the intent to deliver. Moreover, Appellant admitted selling drugs. The trial court concluded, in light of the direct and circumstantial evidence presented by the Commonwealth, the jury's verdicts did not shock the court's sense of justice. Rule 1925(a) Opinion, 11/27/18 at 2-3. Based on our review of the record, we find no abuse of discretion on the part of the trial court in concluding verdicts are not against the weight of the evidence.

Appellant also contends the trial court erred in denying his motion to suppress. As our Supreme Court has instructed:

> [O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citations omitted). In its Rule 1925(a) opinion, the trial court summarized evidence, with citations to the record, describing Appellant's arrest. In light of the evidence, the court determined the initial interaction was a mere encounter "up until the point Officer Aderhold spotted the bag of marijuana and gave the code to Officer Pelton to take [Appellant] into custody." Rule 1925(a) Opinion, 11/27/28, at 5. At that point, "the encounter became an arrest or 'custodial

detention' which must be supported by probable cause." *Id.* The officers had probable cause to arrest Appellant, the court concluded, "because of the bag of marijuana [Officer Aderhold observed] in [Appellant's] pocket." *Id.* at 6.

Based on our review, we find the trial court's factual findings are supported by the record and the legal conclusions drawn from those facts are correct. Therefore, we discern no error in the trial court's denial of Appellant's motion to suppress.

We next consider whether the record supports any non-frivolous arguments. We note Appellant raised two issues in his *pro se* brief. The first, a claim of error relating to the motion to suppress, we have addressed above. The second is a claim that "a miscarriage of justice occurred when the Commonwealth used false testimony of Police Officer Pelton and Police Officer Aderhold to obtain [a] conviction." Appellant's *Pro Se* Brief, at 3. In essence, Appellant contends the officers lied during Appellant's suppression hearing about the descriptions provided to them by the 9-1-1 dispatcher and that the suppression court judge relied on that false testimony when he found the officers had reasonable suspicion to arrest Appellant. Appellant's Brief at 28-30. The testimony of the officers indicates they were responding to a report of shots fired near a school. They received descriptions of individuals in the vicinity that included not only an individual wearing a camo sweatshirt but also a black male wearing a black hoodie. Appellant fit that second description. Although that description was not included in the 9-1-1 dispatch

presented at the hearing, the officers explained that there was chatter in addition to the 9-1-1 dispatch that included the description fitting Appellant. Appellant is not entitled to relief on this issue.

In addition to considering the issues Appellant raised in his *pro se* brief, we have reviewed the record to ascertain whether there are any non-frivolous issues that could be raised on Appellant's behalf. Our review has not revealed any non-frivolous issues.

In summary, we agree with counsel that any challenge based on weight of the evidence or denial of Appellant's motion to suppress is frivolous. Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Counsel's petition to withdraw is granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2019